**PEOPLE OF THE STATE OF CALIFORNIA EX REL. SACRAMENTO METROPOLITAN AIR QUALITY MANAGEMENT DISTRICT, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. CIV. S–98–0437 FCD JFM.**

United States District Court, E.D. California.

Nov. 13, 1998.

Catherine Spinelli, Timothy J. Miller, Sacramento Metropolitan Air Quality Management District, Sacramento, CA, for Plaintiff.

Lois Schiffer, Assistant Attorney General, Thomas Zimmerman, Trial Attorney, United States Department of Justice, Environmental and Natural Resources Division, Washington, DC, Paul Seave, United States Attorney for Eastern District of California, Edmund F. Brennan, Assistant United States Attorney, Sacramento, CA, for Defendants.

## MEMORANDUM AND ORDER

DAMRELL, District Judge.

Plaintiff People of the State of California by the Sacramento Air Quality Management District ("SMAQMD") bring this action seeking civil penalties from defendants the United States of America, Department of the Air Force, Sacramento Air Logistics Center and McClellan Air Force Base, California (collectively "United States") for violations of

1. The parties submitted a Stipulation of Undisputed Facts on July 16, 1998. The facts set forth

SMAQMD Rule 201—General Permit Requirements and Permit to Operate Number 11872. SMAQMQ brings this action pursuant to the federal facilities provision of the Clean Air Act ("CAA"), 42 U.S.C. § 7418. Complaint, ¶ 4.

This matter is before the court on the parties' cross motions for summary judgment. The facts are undisputed. The sole issue before the court is whether Congress, through the CAA, waived the United States' sovereign immunity from liability for punitive civil penalties imposed by a State for past violations of the CAA and state laws promulgated pursuant thereto. The court finds Congress did not so waive the United States' sovereign immunity. Accordingly, the United States' motion for summary judgment is granted, and SMAQMD's motion for summary judgment is denied.

## STANDARD

Summary judgment is appropriate if the record, read in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to the substantive law. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U .S. at 322–23, 106 S.Ct. 2548.

## BACKGROUND [1]

Defendants operate a facility in Sacramento County, California that is engaged in activ-

herein are taken from that stipulation.

ities which result in the discharge of air pollutants. SMAQMD is the local agency with primary responsibility for controlling air pollution from all sources other than motor vehicles and for adopting and enforcing local rules, regulations and applicable state and federal laws relating to the control of air pollution in Sacramento County. On January 9, 1996, SMAQMD issued Permit to Construct No. 11872 authorizing McClellan Air Force Base ("McClellan") to operate eight natural gas heaters. On January 30, 1996, SMAQMD issued Permit to Operate No. 11872. Both permits limited the eight heaters' natural gas usage during the first quarter of calendar year 1996. During the first quarter of calendar year 1996, the heaters exceeded the natural gas usage limits set forth in the permits. On October 25, 1996, SMAQMD issued Notice of Violation 2128 to McClellan for failure to comply with the natural gas usage limits set forth in the Permit to Operate during the first quarter of 1996. By this action, SMAQMD seeks to recover civil penalties from the United States for past violations of the CAA and state laws promulgated pursuant thereto.[2]

## ANALYSIS

### 1. Sovereign Immunity

■ "The United States, as a sovereign entity, is immune from suit unless it has consented to be sued." *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir.1986). In the absence of a waiver of sovereign immunity, the court lacks subject matter jurisdiction over a claim against the sovereign. The plaintiff bears the burden of proving such waiver. *Id.* In order for the plaintiff to sustain this burden, the waiver of immunity must be clear on the face of the statute creating the cause of action. *United States v. Idaho*, 508 U.S. 1, 6–7, 113 S.Ct. 1893, 123 L.Ed.2d 563 (1993). Waivers of sovereign immunity must be strictly construed in favor of the sovereign and will only be found where the waiver is unequivocal. *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992).

### 2. Waiver

SMAQMD contends that Congress waived the United States' sovereign immunity from liability for punitive civil penalties under the federal facilities provision, 42 U.S.C. § 7418(a), of the CAA.[3] That provision provides in pertinent part:

Each department, agency, and instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) having jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge of air pollutants, and each officer, agent, or employee thereof, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, admin-

**2.** In addition to civil penalties, SMAQMD initially requested injunctive relief. SMAQMD appears to have withdrawn that claim. *See* Memorandum Of Points and Authorities In Support Of Plaintiff's Cross–Motion For Summary Judgment And In Opposition To Defendant's Motion For Summary Judgment, 11:22–12:21. The parties do not dispute that under the CAA, Congress waived the United States' sovereign immunity from liability for coercive penalties such as injunctive relief.

**3.** SMAQMD also contends that Congress waived the United States' sovereign immunity from liability for punitive civil penalties under the citizen-suit provision, 42 U.S.C. § 7604(a), of the CAA. The complaint alleges, and at oral argument the parties agreed, that this action is brought pursuant to the federal facilities provision, and not the citizen suit provision, of the CAA. Accordingly, any opinion by this court concerning the citizen suit provision would appear to be advisory. *See United States v. Idaho*, 508

U.S. at 6–7, 113 S.Ct. 1893 (waiver of immunity must be clear on face of statute *creating cause of action*). SMAQMD's contention at oral argument that a finding of waiver under the citizen suit provision would support a finding of waiver under the federal facilities provision lacks merit. Unlike the Clean Water Act, discussed *infra*, the citizen suit provision of the CAA does not reference a civil penalty section. Rather, it refers to section 7418, the federal facilities section. 42 U.S.C. § 7604(e)(2) ("For provisions requiring compliance by the United States, departments, agencies, instrumentalities, officers, agents, and employees in the same manner as nongovernmental entities, see section 7418 of this title.") Accordingly, "any answer to the waiver of sovereign immunity issue must be found ... in section 7418." *United States v. Georgia Dep't of Natural Resources*, 897 F.Supp. 1464, 1470 (N.D.Ga. 1995). *Contra United States v. Tennessee Air Pollution Control Bd.*, 967 F.Supp. 975, 981–82 (M.D.Tenn.1997).

istrative authority, and process and sanctions respecting the control and abatement of air pollution in the same manner, and to the same extent as any nongovernmental entity. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement whatsoever), (B) to any requirement to pay a fee or charge imposed by any State or local agency to defray the costs of its air pollution regulatory program, (C) to the exercise of any Federal, State, or local administrative authority, and (D) to any process and sanction, whether enforced in Federal, State, or local courts, or in any other manner. This subsection shall apply notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law. No officer, agent, or employee of the United States shall be personally liable for any civil penalty for which he is not otherwise liable.

42 U.S.C. § 7418(a).

Neither the Supreme Court nor any circuit court has addressed the issue of punitive civil penalties in the context of the CAA. The Supreme Court has, however, analyzed the issue in the context of the Clean Water Act ("the CWA"). *United States Dep't of Energy*, 503 U.S. at 607, 112 S.Ct. 1627. In *United States Dep't of Energy*, the State of Ohio sued the Department of Energy and others alleging that defendants improperly disposed of hazardous waste at a federal facility and released radioactive materials into the environment. The Department of Energy moved to dismiss contending that Ohio's claims for civil penalties for past violations under the CWA and Resource Conservation and Recovery Act ("RCRA") were barred by the doctrine of sovereign immunity. The Court agreed, holding that Congress did not waive the United States' sovereign immunity from liability for punitive civil penalties under either the CWA or RCRA. *Id.* at 619–20, 627, 112 S.Ct. 1627.

The Court's analysis in *United States Dep't of Energy* focused on the meaning of the term "sanction." The Court noted that while the term "is spacious enough to cover not only what we have called punitive fines, but coercive ones as well," the "use of the term carries no necessary implication that a reference to punitive fines is intended." *United States Dep't of Energy*, 503 U.S. at 621, 112 S.Ct. 1627. The Court recognized, however, that "the term's context ... may supply clarity that the term lacks in isolation." *Id.* at 622, 112 S.Ct. 1627. The Court noted the provision's recognition of "three manifestations of governmental power to which the United States is subjected: substantive and procedural requirements; administrative authority; and 'process and sanctions,' whether enforced in courts or otherwise." *See* 33 U.S.C. § 1323(a) ("The preceding sentence shall apply (A) to any requirement whether substantive or procedural ..., (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner.") The Court also noted that each time the term "sanction" appears is within the phrase "process and sanction[s]." The Court found this significant because "process" "normally refers to the procedure and mechanics of adjudication and the enforcement of decrees or orders that the adjudicatory process finally provides." *Id.* at 623, 112 S.Ct. 1627. Finally, the Court noted the provision's reference to "process and sanctions" as "enforced" in courts or otherwise and concluded that "[t]he very fact ... that the text speaks of sanctions in the context of enforcing 'process' as distinct from substantive 'requirements' is a good reason to infer that Congress was using 'sanction' in its coercive sense, to the exclusion of punitive fines." *Id.* at 623–24, 112 S.Ct. 1627.

The portions of the federal facilities provision of the CWA upon which the Court based its decision are similar, and in some cases identical, to those contained in the federal facilities provision of the CAA.[4] Like the

---

4. The federal facilities provision of the CWA provides in pertinent part:

Each department, agency, or instrumentality of the executive, legislative, and judicial branches of the Federal Government (1) hav-

CWA, the federal facilities provision of the CAA distinguishes between substantive requirements and judicial process. *See* 42 U.S.C. § 7418(a) ("The preceding sentence shall apply (A) to any requirement whether substantive or procedural ..., (B) to any requirement to pay a fee or charge imposed by any State or local agency to defray the costs of its air pollution regulatory program, (C) to the exercise of any Federal, State, or local administrative authority, and (D) to any process and sanction, whether enforced in Federal, State, or local courts, or in any other manner.") Also, each time the term "sanction" appears is within the phrase "process and sanction[s]." Finally, the provision refers to "process and sanctions" as "enforced" in courts or otherwise. *See* 42 U.S.C. 7418(a).

SMAQMD claims that a phrase in the CWA's federal facilities provision provides a pivotal distinction. It reads: "the United States shall be liable only for those civil penalties arising under Federal law or imposed by a state or local court to enforce an order or the process of such court." 33 U.S.C. § 1323(a). This limiting phrase is not included in the CAA's federal facilities provision. SMAQMD contends that by omitting such a limitation from the CAA's federal facilities provision, Congress intended to waive the United States' sovereign immunity. The Court's opinion does not support such an inference. To the contrary, the Court stated

that "[said] proviso serves to *confirm* the reading we reached above." *United States Dep't of Energy*, 503 U.S. at 624, 112 S.Ct. 1627 (emphasis added) (indicating that the Court had already found no waiver based on the interpretation of the term "sanction").

SMAQMD also points to the statement in the CAA's federal facilities provision that subsection (a) "shall apply notwithstanding any immunity of such agencies, officers, agents, or employees under any law or rule of law." *See* 33 U.S.C. § 1323(a). SMAQMD argues that "there would be no need for Congress to exempt these particular individuals from civil penalties unless it intended to include such civil penalties in the preceding provisions subjecting the United States to sanctions." The Supreme Court, however, confronted the exact same proviso in the CWA and articulated no such congressional intent. *See United States Dep't of Energy*, 503 U.S. at 620–27, 112 S.Ct. 1627; 33 U.S.C. § 1323(a). SMAQMD argues that the Supreme Court's failure to expressly refer to this proviso in its opinion indicates a failure to consider it, and, thus allows this court to interpret it as a manifestation of congressional intent to waive sovereign immunity. This court will not engage in such an artful presumption of judicial inadvertence. Rather, this court must presume otherwise.

ing jurisdiction over any property or facility, or (2) engaged in any activity resulting, or which may result, in the discharge or runoff of pollutants, and each officer, agent, or employee thereof in the performance of his official duties, shall be subject to, and comply with, all Federal, State, interstate, and local requirements, administrative authority, and process and sanctions respecting the control and abatement of water pollution in the same manner, and to the same extent as any nongovernmental entity including the payment of reasonable service charges. The preceding sentence shall apply (A) to any requirement whether substantive or procedural (including any recordkeeping or reporting requirement, any requirement respecting permits and any other requirement, whatsoever), (B) to the exercise of any Federal, State, or local administrative authority, and (C) to any process and sanction, whether enforced in Federal, State, or local courts or in any other manner. This subsection shall apply notwithstanding any immunity

of such agencies, officers, agents, or employees under any law or rule of law. Nothing in this section shall be construed to prevent any department, agency, or instrumentality of the Federal Government, or any officer, agent, or employee thereof in the performance of his official duties, from removing to the appropriate Federal district court any proceeding to which the department, agency, or instrumentality or officer, agent, or employee thereof is subject pursuant to this section, and any such proceeding may be removed in accordance with section 1441 et seq. of Title 28. No officer, agent, or employee of the United States shall be personally liable for any civil penalty arising from the performance of his official duties, for which he is not otherwise liable, and the United States shall be liable only for those civil penalties arising under Federal law or imposed by a State or local court to enforce an order or the process of such court.
33 U.S.C. § 1323(a).

The Supreme Court's holding in *United States Dep't of Energy* is clear and unequivocal. And, because the federal facilities provision of the CAA parallels, if not mirrors, the federal facilities provision of the CWA, the court finds the Supreme Court's analysis and holding therein applicable to the instant action. Accordingly, the court finds Congress did not waive the United States' sovereign immunity from liability for civil penalties imposed by a State for past violations of the CAA or state laws promulgated thereunder.

## CONCLUSION

Defendant United States' motion for summary judgment is GRANTED. Plaintiff SMAQMD's motion for summary judgment is DENIED. The clerk is hereby instructed to close this file.

IT IS SO ORDERED.